UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-24414-ALTMAN

**MARCUS O. TAITE**,

    *Plaintiff*,

v.

**INSURANCE CORPORATION OF MIAMI-DADE COUNTY**, *et al.*,

    *Defendants.*

_____/

## ORDER

The Plaintiff, Marcus O. Taite, has filed a *pro se* "Affidavit Truth Complaint and Summons."[1] Complaint [ECF No. 1] at 1. In that Complaint, Taite alleges that he's a member of the "Washitaw Nation" and that he was falsely arrested and convicted by state authorities in Florida and Alabama. *See id.* at 2–3. Taite has neither paid the filing fee nor filed a motion to proceed *in forma pauperis*. *See generally* Docket. So, after careful review, we **DISMISS** his Complaint under the "three-strikes" provision of 28 U.S.C. § 1915(g).

### THE LAW

When a prisoner-plaintiff proceeds IFP, his complaint must be screened under the provisions

---

[1] Taite says that he's bringing this Complaint under 25 U.S.C. § 177 and several other authorities related to Indian law. *See* Complaint at 1. But 25 U.S.C. § 177 only provides "*Indian tribes* [with] a cause of action under federal common law to establish its right to land allegedly conveyed in violation of the Act." *Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 548 n.32 (11th Cir. 2013) (emphasis added). In other words, it doesn't create a cause of action for an individual (like Taite) to challenge the allegedly unconstitutional acts of state actors. *See, e.g.*, *Baylor v. Day-Petrano*, 596 F. App'x 741, 742 (11th Cir. 2014) (rejecting a plaintiff's attempt to deploy 25 U.S.C. § 177 to challenge an alleged "state-court action [that] constituted a denial of Day-Petrano's race-based civil rights"). Since Taite claims that he was falsely arrested and illegally prosecuted by state officials, we find that Taite is attempting to advance a civil-rights action under 42 U.S.C. § 1983. *See Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996) ("A [false arrest] violates the Fourth Amendment and forms the basis for a section 1983 claim.").

of 28 U.S.C. § 1915(g)—also known as the "three strikes provision." *White v. Lemma*, 947 F.3d 1373, 1379 (11th Cir. 2020) ("[A] court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, [but] the court may also consider the merits to dismiss the case with prejudice instead."), *abrogated in part on other grounds by Wells v. Brown*, 58 F.4th 1347, 1357 (11th Cir. 2023) (en banc). That provision reads, in pertinent part, as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In other words, "Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (cleaned up). Once a prisoner has had three suits dismissed for one (or more) of the reasons set out in § 1915(g), he "must pay the full filing fee at the time he *initiates* suit[.]" *Ibid.* (emphasis in original). If the plaintiff doesn't pay the filing fee when he files his lawsuit—and unless he qualifies for the "imminent danger of serious physical injury" exception—the Court must "dismiss the action without prejudice when it denies the prisoner leave to proceed *in forma pauperis*." *Ibid.*

**ANALYSIS**

In his Complaint, Taite argues that, because he's a member of the Washitaw Nation,[2] the states of Florida and Alabama "[do] not have any sovereign or sovereignty to make no arrest in Washitaw sovereignty Nation jurisdictions[.]" Complaint at 4 (error in original). We take this to mean that Taite

---

[2] The "Washitaw Nation," which is "not recognized by the United States government," is a "fictional" tribe routinely used by "sovereign citizens" to advance frivolous jurisdictional defenses. *Milton v. Corrie*, 2017 WL 2214756, at *2 (S.D. Fla. May 18, 2017) (Scola, J.); *see also Bybee v. City of Paducah*, 46 F. App'x 735, 736 (6th Cir. 2002) (describing the "Nation of Washitaw" as "fictional").

2

is immune from arrest and prosecution because of his membership in a fictitious nation. As relief, Taite asks us to "immediately injunction to be returned to my ancestral Washitaw Nation" and for $50 billion in damages as compensation for being "kidnapped." *Id.* at 4-5 (errors in original).

Taite is a serial filer whose lawsuits the federal courts have regularly dismissed as meritless. *See Taite v. Robinson*, 2023 WL 4308958, at *1 n.1 (S.D. Ala. May 31, 2023) (Murray, Mag. J.) (calculating that Taite has filed at least 144 "cases and appeals" in federal court under various aliases). Since Taite hasn't paid the filing fee in this case, and because Taite has brought "three or more federal lawsuits or appeals that were dismissed as frivolous, malicious, or for failure to state a claim," the Complaint must be dismissed under § 1915(g)'s three-strikes rule. *Daker v. Ward*, 999 F.3d 1300, 1310 (11th Cir. 2021); *see also Taite v. Ruiz*, 2023 WL 3790750, at *1–2 (S.D. Fla. June 2, 2023) (Bloom, J.) (citing *Taite v. Walker*, 2014 WL 7411800, at *1–2 (S.D. Ala. Dec. 31, 2014) (Granade, J.)) ("Plaintiff qualifies as a 'three-striker' based on his lengthy history of meritless, frivolous, and/or malicious lawsuits.").

Taite *could* avoid the three-strikes label by alleging that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To do this, however, he would have to show "that he was in imminent danger of serious physical injury at the time he filed his Complaint or that he was in jeopardy of any ongoing danger." *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999). But Taite never even tries to qualify for this exception. *See generally* Complaint. And that silence is enough for us to conclude that the imminent-danger exception doesn't save his claim. *See Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013) (Zloch, J.) ("A plaintiff must provide the court with specific allegations of present imminent danger indicating that a serious physical injury will result if his claims are not addressed."). Because the "imminent danger" exception doesn't apply here, Taite is subject to the three-strikes rule—and, since he's failed to pay the filing fee, his Complaint must be dismissed. *See White*, 947 F.3d at 1377 ("We have construed this language to mean that a district court must dismiss a prisoner's claims when the prisoner has three strikes but failed to pay the filing fee when the suit

began."); *Dupree*, 284 F.3d at 1236 ("Section 1915 only allows a prisoner to file three meritless suits at the reduced rate provided by that section. After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." (cleaned up)).

Three final points. *One*, insofar as Taite argues that his state-court conviction is illegal, he must bring that claim in a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("However, when an inmate raises any challenge to the lawfulness of confinement or the particulars affecting its duration, his claim falls solely within the province of habeas corpus under § 2254." (cleaned up)). Note, however, that Taite cannot file that petition in this District because he's being held pursuant to an Alabama criminal judgment. *See Byrd v. Martin*, 754 F.2d 963, 965 (11th Cir. 1985) ("The most convenient forum [for a habeas petition] will often be the district in the state whose conviction is being attacked[.]"). So, to the extent that any part of the Complaint can be reconstrued as a habeas petition, we dismiss it because it hasn't been filed in the proper venue. *See Thompson v. Warden*, 2021 WL 4165335, at *2 (11th Cir. Sept. 14, 2021) ("Because Thompson brought the case in a court other than his sentencing court, venue was not proper. Accordingly, we affirm the district court's dismissal of his habeas petition for lack of jurisdiction.").

*Two*, we dismiss Taite's Complaint *with prejudice* because it's frivolous. Normally, a § 1915(g) dismissal is *without prejudice*. But we have the authority to dismiss a complaint *with prejudice* under § 1915(g) when it is patently frivolous. *See White*, 947 F.3d at 1379 ("So though a court must procedurally dismiss without prejudice the claim of a prisoner who has struck out under the three-strikes provision and failed to pay the filing fee, the court may also consider the merits to dismiss the case with prejudice instead."). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Since Taite's Complaint is premised on the absurd theory that— as a member of the fictional "Washitaw Nation"—he's a separate sovereign and immune from suit in state court, his claim is irredeemably frivolous. *See United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th

4

Cir. 2013) ("The phrases Sterling repeated are often used by so-called 'sovereign citizens,' who believe they are not subject to the jurisdiction of the courts . . . . Courts have been confronted repeatedly by their attempts to delay judicial proceedings and have summarily rejected their legal theories as frivolous."). Notably, the Eleventh Circuit has consistently affirmed the *with*-prejudice dismissal of frivolous § 1983 complaints. *See, e.g.*, *Broner v. Wash. Mut. Bank, F.A.*, 258 F. App'x 254, 256–57 (11th Cir. 2007) ("[T]he district court did not abuse its discretion in finding her complaint frivolous and did not err in finding that it failed to state a claim. Accordingly, her complaint was properly dismissed with prejudice, pursuant to § 1915(e)(2)."); *Nails v. Franklin*, 279 F. App'x 899, 901 (11th Cir. 2008) ("We agree that Plaintiff's suit is frivolous and should be dismissed with prejudice.").

*Three*, Taite has flooded this Court (and our sister courts in Alabama) with over *one-hundred* frivolous lawsuits. *See Robinson*, 2023 WL 4308958, at *1 n.1. At some point, enough is enough. Since "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions," we have the power to "restrict access to vexatious and abusive litigants" who inundate the courts with meritless filings. *Brewer v. United States*, 614 F. App'x 426, 427 (11th Cir. 2015) (citing *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008)). We will not impose any such restriction here, but we warn Taite that, if he continues to submit abusive and frivolous filings to this Court, we will not hesitate to sanction him—including with monetary sanctions. *Cf. Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc) ("[Taite] can be severely restricted as to what he may file and how he must behave in his applications for judicial relief."); *Roggio v. United States*, 2013 WL 12176990, at *2 (S.D. Fla. Apr. 10, 2013) (Goodman, Mag. J.) ("Because Roggio is abusing the reconsideration motion mechanism, any future violations may lead to an award of sanctions, including costs, attorney's fees, and/or other monetary or non-monetary sanctions, against him.").

\*   \*   \*

5

We therefore **ORDER and ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED as frivolous and with prejudice** under 28 U.S.C. § 1915(g). The Clerk of Court shall **CLOSE** this case. All pending motions are **DENIED** as moot.

**DONE AND ORDERED** in the Southern District of Florida on November 20, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:   Marcus O. Taite, *pro se*